IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KATHERINE LAUR PADGETT, | ) Civil Action No. |
| Plaintiff, | ) |
| | ) JURY TRIAL DEMANDED |
| v. | ) |
| | ) |
| INTEGRATED PRACTICE SOLUTIONS, INC., | ) |
| Defendant. | ) |

## **FIRST COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Katherine Laur Padgett ("Plaintiff"), by and through undersigned counsel, and files this First Complaint for Damages against Defendant Integrated Practice Solutions, Inc. ("Defendant") under the Americans with Disabilities Act ("ADA"), and shows the Court as follows:

## **JURISDICTION AND VENUE**

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company Which Will Do Business in California as CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150 North, Sacramento, CA 95833.

## FACTUAL ALLEGATIONS

6.

Defendant is now, and at all times relevant hereto, has been an employer subject to the ADA.

7.

Plaintiff began her employment with Defendant in May 2015 as a billing consultant. At the time of her termination in October 2020, Plaintiff was the Director of RCM Operations.

8.

Plaintiff suffer from disabilities, of which Defendant had knowledge, specifically anxiety and depression.

9.

On or about October 8th, Plaintiff told Shae Rountree, Human Resources, that her doctor recommended Plaintiff's work hours be reduced from 70/80 hours a week to 55 hours due to Plaintiff's disabilities.

10.

Approximately one week after asking for an accommodation for her disabilities, Plaintiff was told by Maryann Lind, Senior Director of RCM Operations and Plaintiff's supervisor, that Plaintiff's department was being restructured and Plaintiff was terminated.

11.

Directly prior to Plaintiff's accommodation request, Ms. Lind had communicated with Plaintiff about their upcoming goals and expressed that Plaintiff was an important part of the team who was greatly relied upon.

12.

Defendant did not require other non-disabled employees in comparable positions to work 70 hours a week.

13.

Any reason given for Plaintiff's termination is pretext for unlawful discrimination and retaliation.

14.

At all times relevant, Plaintiff has suffered from disabilities, within the meaning of the ADA. Additionally, Defendant "regarded" Plaintiff as disabled.

15.

Defendant terminated Plaintiff's employment because of her disabilities, perceived disabilities, need for reasonable accommodation(s), and/or because Plaintiff engaged in protected activity by seeking a reasonable accommodation for her disabilities. Any reason given by Defendant for terminating Plaintiff's employment is pretext for unlawful discrimination and retaliation in violation of the ADA.

16.

As a result of Defendant's actions, Plaintiff has suffered damages, including lost wages and emotional distress.

**CLAIMS FOR RELIEF**

**COUNTS I & II**

**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

**(ADA DISCRIMINATION AND RETALIATION)**

17.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

18.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

19.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

20.

At times relevant to this action, Plaintiff has been an individual with disabilities as that term has been defined by the ADA.

21.

At times relevant to this action, Defendant and individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's disabilities, including at the time of Defendant's termination of Plaintiff.

22.

Plaintiff's disabilities or perceived disabilities, request and/or need for a reasonable accommodation were determinative factors in Defendant's decision to terminate Plaintiff.

23.

At all times relevant, Plaintiff could perform the essential functions of her position with a reasonable accommodation.

24.

Defendant "regarded" Plaintiff as having "disabilities" under the ADA.

25.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of her disabilities, request for and/or need for an accommodation, thus violating Plaintiff's rights under the ADA entitling her to all appropriate relief thereunder.

26.

In terminating Plaintiff after she sought a reasonable accommodation with respect to her hours, Defendant retaliated against Plaintiff in violation of the ADA.

27.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

28.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Special damages for lost wages and benefits and prejudgment interest thereon,

(c) Punitive damages;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) All equitable relief available under the ADA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

This 12th day of January, 2020.

                                    **BARRETT & FARAHANY**

                                    <u>s/V. Severin Roberts</u>
                                    V. Severin Roberts
                                    Georgia Bar No. 940504
                                    *Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
Severin@justiceatwork.com